UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION
CIVIL ACTION NO.:

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GLENDA BRYANT, INDIVIDUALLY AND D/B/A C.G.'S RECEPTION HALL, CARL BRYANT, JR. AND ANNIE MAUDE SMITH, AND ALVIN ARTHUR SMITH, SR., CO-ADMINISTRATORS OF THE ESTATE OF ALVIN ARTHUR SMITH, JR., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (hereinafter "Underwriters"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, and submit the following Complaint for Declaratory Judgment, alleging as follows:

### PARTIES

1. Underwriters are insurers organized and existing under the laws of the United Kingdom, with their principal place of business outside the United States of America. At all times relevant hereto, Underwriters were in the business of writing liability insurance in the State of North Carolina and were lawfully doing business in the State of North Carolina.

2. Defendant Glenda Bryant, individually and d/b/a C.G.'s Reception Hall is a resident of New Bern, Craven County, North Carolina.

3. Defendant Carl Bryant, Jr. is a resident of New Bern, Craven County, North Carolina.

4. Defendants Glenda Bryant and Carl Bryant, Jr. (collectively the "Bryants") are the owners of a building located at 2101 Highway 58, Trenton, North Carolina (the "Trenton Premises"). At certain times relevant hereto, the Bryants operated a business at this location known as C.G.'s Reception Hall.

5. Defendants Annie Maude Smith and Alvin Arthur Smith, Sr. are residents of Orange County, Florida and are the duly appointed Co-Administrators of the Estate of Alvin Arthur Smith, Jr. (the "Smith, Jr. Estate"), an Onslow County, North Carolina estate.

## JURISDICTION AND VENUE

6. The court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of the United Kingdom and the United States of America.

7. Venue is proper in the United States District Court for the Eastern District of North Carolina, Greenville Division, in that the events giving rise to this action occurred in Craven and Jones Counties, North Carolina.

8. An actual case in controversy of a justicable nature exists between the parties involving the rights and liabilities under a Commercial General Liability insurance policy, in which litigation is imminent and inevitable, and which controversy may be determined by a judgment of this, without other, action.

## GENERAL ALLEGATIONS

9. At all relevant times Underwriters provided liability insurance coverage to Glenda Bryant d/b/a C.G.'s Reception Hall under a Commercial General Liability policy, Policy Number TCN 002449 (hereinafter "the CGL Policy"). A certified copy of the relevant CGL Policy is attached hereto as Exhibit "A". The CGL Policy attached as Exhibit "A" provided liability coverage to Glenda Bryant d/b/a C.G.'s Reception Hall for the period 01/30/2007 to 01/30/2008.

10. On the application for the CGL Policy completed on behalf of Glenda Bryant, Glenda Bryant described the business operations of C.G.'s Reception Hall as "reception hall for weddings, birthdays."

11. On the application, Glenda Bryant affirmatively represented that the business did not use a disc jockey.

12. On or about September 22, 2009, the Smith, Jr. Estate filed a Complaint against the Bryants and others in the Superior Court for Onslow County, North Carolina, (the "Onslow County Action" or "Underlying Complaint"). The Underlying Complaint filed by the Smith, Jr. Estate is attached hereto as Exhibit "B".

13. Underwriters are defending the Bryants in the Onslow County Action under a full reservation of Underwriters' rights under the CGL Policy.

14. In the Onslow County Action, the Smith, Jr. Estate alleges that on or about December 25-26, 2007, Alvin Arthur Smith, Jr. was fatally shot by Harold Krause at a nightclub known as Fatt Daddy'z operating in the Trenton Premises owned by the Bryants.

15. The Underlying Complaint alleges that the Bryants had possession and control of the Trenton Premises as a result of an improperly executed lease agreement whereby the Bryants attempted to lease the Trenton Premises to Carlos Green, the owner and operator of Fatt

Daddy'z. The Underlying Complaint further alleges that Smith, Jr. had been hired by Green to work at Fatt Daddy'z as the disc jockey for the evening.

16. The Underlying Complaint alleges that the Bryants, as a result of their continuing right of control over and possession of the premises,

    (a)    failed to properly search Krause for weapons;

    (b)    failed to properly control the behavior of Krause;

    (c)    failed to restrict Krause's access to Alvin Arthur Smith, Jr.;

    (d)    failed to provided sufficient security; and

    (e)    allowed Krause to consume alcoholic beverages when intoxicated in violation of 4 NCACD 25.0206.

17. The Smith, Jr. Estate alleges causes of action against the Bryants for negligence and wrongful death. The Underlying Complaint further alleges that the Bryants were reckless and grossly negligent.

18. As a consequence of the alleged actions or inactions of the Bryants, the Smith, Jr. Estate seeks damages related to the death of Alvin Arthur Smith. Jr.

19. The claims and damages alleged by the Smith, Jr. Estate in the attached Exhibit "B" do not give rise to liability coverage under the CGL policy.

20. Relevant provisions of the CGL policy provide substantially as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the

4

Case 4:09-cv-00202-D    Document 1    Filed 11/19/2009    Page 4 of 10

insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply.…

    **b.**    This insurance applies to "bodily injury" … only if:

        **(1)**    The "bodily injury" … is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" occurs during the policy period ….

…

## COVERAGE C MEDICAL PAYMENTS

**1.**    **Insuring Agreement**

    **a.**    We will pay medical expenses as described below for "bodily injury" caused by an accident:

        **(1)**    On premises you own or rent;

…

provided that:

        **(1)**    The accident takes place in the "coverage territory" and during the policy period;

        **(2)**    The expenses are incurred and reported to us within one year of the date of the accident.…

    **b.**    We will make these payments regardless of fault. These payments will not exceed the applicable limits of insurance. We will pay reasonable expenses for:

        **(1)**    First aid administered at the time of an accident;

        **(2)**    Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

        **(3)**    Necessary ambulance, hospital, professional nursing and funeral services.

**2.**    **Exclusions**

We will not pay expenses for "bodily injury:"

5

…

    **b.**     **Hired Person**

        To a person hired to do work for or on behalf of any insured or a tenant of any insured.

…

## SECTION II – WHO IS AN INSURED

**1.**     If you are designated in the Declarations as:

    **a.**     An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

…

## SECTION V – DEFINITIONS

…

**3.**     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.**     "Coverage territory" means:

    **a.**     The United States of America.…

…

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

**18.**     "Suit" means a civil proceeding in which damages because of "bodily injury" … to which this insurance applies are alleged.…

## ADDITIONAL EXCLUSIONS
(Form Lloyds GL-01 (09/07))

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

…

## EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGE

The following exclusion is added to **COVERAGES A, B** and **C (Section I)**:

This insurance does not apply to a claim of or indemnification for punitive or exemplary damages. If a suit shall have been brought against you for a claim within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense for such action. We shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

…

## EXCLUSION – ASSAULT AND BATTERY

This insurance does not apply to any claim arising out of an assault and/or battery or out of any act or failure to act to prevent or suppress an assault and/or battery whether caused by the insured, an employee, a patron or any other person.

This exclusion applies to all causes of action arising out of an assault and/or battery including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error or omission relating to an assault and/or battery.

…

## AMENDMENT OF LIQUOR LIABILITY EXCLUSION

This Endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **c.** of **Coverage A (Section I)** is replaced by the following:

    **c.** "Bodily injury" … for which any insured may be held liable by reason of:

        **(1)** Causing or contributing to the intoxication of any person;

        **(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

        **(3)** Any statute, ordinance or regulation relative to the sale, gift, distribution or use of alcoholic beverages.

    This exclusion applies only if you:

        **(1)** Manufacture, sell or distribute alcoholic beverages;

      **(2)**    Serve or furnish alcoholic beverages for a charge whether or not such activity:

          **(a)**    Requires a license

          **(b)**    Is for the purpose of financial gain or livelihood; or

      **(3)**    Serve or furnish alcoholic beverages without a charge, if a license is required for such activity.

21. The claims and damages alleged by the Smith, Jr. Estate against the Bryants are expressly excluded under the CGL Policy.

22. Underwriters have no obligation to the Bryants for any claims made by the Smith, Jr. Estate.

23. Underwriters have no obligation to defend the Bryants against any claims made by the Smith, Jr. Estate.

## FOR A FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

24. Underwriters repeat and reallege the allegations of paragraphs 1 through 23 as though fully set forth herein.

25. Underwriters seek declaratory relief that they have no obligation to defend or indemnify the Bryants from or for the claims made by the Smith, Jr. Estate in the Onslow County Action (Exhibit "B") because:

    (a)    The claims are expressly excluded under the Policy;

    (b)    The Bryants failed to comply with the conditions of the Policy; and

    (c)    For such other reasons as may be shown at trial.

# FOR A SECOND CAUSE OF ACTION
## RECISSION

26. Underwriters repeat and reallege the allegations of paragraphs 1 through 23 as though fully set forth herein.

27. The representations that Glenda Bryant made as to the nature of C.G. Reception Hall's business and the use of disc jockeys were false and were made with the intention of misleading Underwriters.

28. The misrepresentations made by Glenda Bryant in the application for the Policy were material. Underwriters would not have issued the Policy had they been informed C.G.'s Reception Hall was being operated as a night club, using disc jockeys.

29. Underwriters calculated and charged Glenda Bryant a premium based on Bryant's misrepresentations that C.G.'s Reception Hall's business was a reception hall for weddings and birthdays that did not use disc jockeys.

30. Glenda Bryant made the misrepresentations as to C.G.'s Reception Hall's business operations and its use of disc jockeys in order to deceive Underwriters.

31. Underwriters are prepared to tender a full and complete refund of the premium for the CGL Policy to Glenda Bryant immediately upon rescission of the CGL Policy.

WHEREFORE, Underwriters pray the Court for the following relief:

1. To construe the CGL Policy of insurance issued by Underwriters and declare that Underwriters have no obligation to the Bryants for any of the claims made by the Smith, Jr. Estate;

2. To declare that Underwriters have no obligation under the CGL Policy to defend the Bryants against any of the claims made by the Smith, Jr. Estate.

3. To declare that the Estate of Smith, Jr. has no claims of indemnity or garnishment against Underwriters, either by or through the Bryants.

4. To declare that the Policy is void *ab initio* and that it is rescinded;

5. To declare that Underwriters are entitled to recover their costs and expenses in this action, including reasonable attorney fees; and

6. For such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of November, 2009.

COZEN O'CONNOR

By: *s/ Tracy L. Eggleston*
Tracy L. Eggleston, Esq.
N.C. Bar #18471
Suite 2100, 301 South College Street
Charlotte, NC 28202
Tel. No.: (704) 376-3400
Fax No.: (704) 334-3351
E-Mail: teggleston@cozen.com
*Counsel for Plaintiffs Certain Underwriters at Lloyd's London*

CHARLOTTE\236080\1 264708.000